**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL EUGENE PARKER, SR.,

Plaintiff - Appellant,

v.

WI WATERSTONE, LLC,

Defendant - Appellee.

No. 19-3157
(D.C. No. 2:18-CV-02599-DDC-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.****
_____

Michael Eugene Parker, Sr., proceeding pro se,[1] appeals the district court's

dismissal of his action for lack of subject matter jurisdiction and denial of his motion

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\*\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Parker is proceeding pro se, we construe his filings liberally. _See Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (per curiam); _see also United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

for leave to amend his complaint.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

WI Waterstone, LLC ("Waterstone") is a limited liability company in Kansas. Mr. Parker lived in a Waterstone-owned apartment complex in Kansas City, Kansas. In July 2018, the Kansas City Police Department arrested and charged Mr. Parker regarding a disturbance at the complex.  He was jailed from July 13, 2018 until October 11, 2018, when the district attorney dropped the charges.

On November 7, 2018, Mr. Parker sued Waterstone, alleging diversity jurisdiction.  He claimed that while he was in jail, Waterstone employees had his vehicle towed and wrongfully evicted him from his apartment.  He sought $76,000 in damages for wrongful incarceration, wrongful eviction, and mental distress.

Mr. Parker filed an amended complaint, asserting violations of the Fourth and Fourteenth Amendments and a claim for wrongful arrest.  The amended complaint referenced diversity jurisdiction but did not specify the parties' citizenship or any amount in controversy.

Waterstone moved to dismiss Mr. Parker's amended complaint for lack of subject matter jurisdiction.  Mr. Parker did not respond and instead sought leave to amend his complaint again.

The district court granted Waterstone's motion to dismiss for lack of subject matter jurisdiction and denied Mr. Parker's motion for leave to amend.  The court determined Mr. Parker had failed to plead sufficient facts to establish either diversity

or federal question jurisdiction. Because Mr. Parker's proposed second amended complaint did not remedy the jurisdictional defect, the court deemed amendment futile and dismissed the action without prejudice.

## II. **DISCUSSION**

### A. *Subject Matter Jurisdiction*

A district court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 877 (10th Cir. 2017). If the court does so "without taking evidence, as the court did here, our review is de novo." *Id*. (quoting *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015)).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Pueblo of Jemez*, 790 F.3d at 1151 (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "[F]ederal subject matter jurisdiction is elemental," and it "must be established in every cause under review in the federal courts." *Safe Sts. All*., 859 F.3d at 878 (quoting *Pueblo of Jemez*, 790 F.3d at 1151). The burden of establishing subject matter jurisdiction rests on the party asserting it. *Id*. If the court lacks jurisdiction, it must dismiss the action. *Id*.

When, as here, "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). We conclude, as the district court did, that the amended complaint does not establish either diversity or federal question jurisdiction.

Jurisdiction premised on diversity of citizenship requires that the parties be completely diverse and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. The amended complaint here lacks sufficient information to establish either requirement. It does not allege the citizenship of either party. Nor does it offer any allegations that suggest the amount in controversy exceeds $75,000. The burden to meet these requirements lies with Mr. Parker, the "party asserting jurisdiction." *Pueblo of Jemez*, 790 F.3d at 1151. He has failed to do so.[2]

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a federal claim is clearly unsubstantiated, frivolous, or devoid of merit, "dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Construing his pleadings liberally and assuming their few allegations as true, Mr. Parker has not presented a federal question "on the face" of his amended complaint. *Caterpillar*, 482 U.S. at 392. Although the complaint references the Fourth and Fourteenth Amendments, it does not explain how they were violated. It cites Mr. Parker's arrest warrant and eviction form but does not connect either

---

[2] It also appears the parties are not completely diverse. Mr. Parker's original complaint and his reply brief on appeal state he is a citizen of Kansas. Waterstone, as a limited liability company, takes the citizenship of each of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Per Waterstone's Corporate Disclosure Statement, one of its members is also a citizen of Kansas.

4

document to any specific violation of his rights. Mr. Parker's mere use of federal law labels is insufficient to invoke federal question jurisdiction. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th Cir. 2012) (holding pro se litigant's "reference in the complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of pro se litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable claim under federal law).[3]

In sum, Mr. Parker has failed to establish in his amended complaint that the district court had diversity or federal question jurisdiction over his action. We affirm the court's grant of Waterstone's motion to dismiss for lack of subject matter jurisdiction.

## B. *Leave to Amend*

"[W]e generally review for abuse of discretion a district court's denial of leave to amend a complaint." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010)). When, as here, the "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id*. (quotations omitted).

---

[3] Although not precedential, we find the reasoning of unpublished opinions cited in this order and judgment instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

"Although Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Doe v. Woodard*, 912 F.3d 1278, 1302 n.28 (10th Cir. 2019) (quotations and alterations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Barnes*, 783 F.3d at 1197 (quotations omitted).

Mr. Parker's proposed second amended complaint fails to cure the jurisdictional defects discussed above. Although the proposed complaint cites the Second, Third, Fourth, and Fourteenth Amendments, Mr. Parker provides no explanation of how Waterstone violated their provisions. For instance, Mr. Parker quotes the Second Amendment and then claims a Waterstone employee told the police he was carrying a gun. But he does not articulate how the employee's statement may have violated his right to bear arms. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Mr. Parker's sparse factual allegations and mere references to the Constitution are insufficient to establish subject matter jurisdiction. Because his proposed complaint would not survive dismissal, the court did not err in concluding amendment was futile. *See Barnes*, 783 F.3d at 1197; *see also Craig v. United States*, 340 F. App'x 471, 474 (10th Cir. 2009) (affirming denial of pro se plaintiff's motion for leave to amend where amended federal law claims were "sufficiently

6

attenuated, insubstantial, and frivolous" such that dismissal would be proper under Rule 12(b)(1)).

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Parker's amended complaint and its denial of his motion for leave to amend.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge